UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>BRIAN HAMMER,<br><br>        Defendant. | No. 2:02-cr-00353-GEB<br><br>**ORDER DENYING MOTION TO CORRECT CLERICAL ERROR** |

On July 2, 2015, Defendant filed, in pro per, a motion under Federal Rule of Criminal Procedure ("Rule") 36 seeking "to amend the Pre-Sentence Report (PSR) and Judgment entered in this case on August 22, 2003, for clerical error." (Def.'s Mot. 1, ECF No. 127.) Defendant argues "the [PSR] contains multiple . . . errors that resulted in the imposition of a restitution award that is materially . . . incorrect[,]" and requests "the court enter an order amending the PSR and the resulting restitution portion of the judgment in this case, by directing that the sentence imposed be modified in accordance with the corrected PSR." (Id. at 1, 3.)

Also on July 2, 2015, Defendant filed in connection with the referenced motion, an "Application to Proceed . . . Without Prepaying Fees or Costs," (ECF No. 125), and "Motion Requesting Appointment of Counsel/Paralegal et al." (ECF No.

1

126.)

Rule 36 prescribes: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." "Rule 36 is a vehicle for correcting *clerical* mistakes but it may not be used to correct [substantive] errors in sentencing." United States v. Penna, 319 F.3d 509, 513 (9th Cir. 2003); accord Marmolejos v. United States, --- F.3d ----, 2015 WL 3499660, at *4-5 (2d Cir. 2015) ("In sum, Rule 3 applies only to clerical mistakes and errors in the record; it does not authorize substantive alteration of a final judgment." (internal quotation marks and citation omitted)).

"The record in this case reflects that the amount of restitution ordered was not a clerical error." United States v. Cottey, 351 F. App'x 177, 178 (9th Cir. 2009). Therefore, Defendant's Rule 36 motion, (ECF No. 127), is DENIED.

Further, in light of this ruling, the Court need not decide Defendant's "Application to Proceed . . . Without Prepaying Fees or Costs," (ECF No. 125), and "Motion Requesting Appointment of Counsel/Paralegal et al." (ECF No. 126.)

Dated: July 15, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge