UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>BRIAN HAMMER,<br><br>        Defendant. | No. 2:02-cr-00353-GEB<br><br>**ORDER DENYING MOTION TO DETERMINE AMOUNT OF RESTITUTION** |

On July 30, 2015, Defendant filed, in pro per, a motion under 18 U.S.C. § 3664(j)(2) in which he "requests to have a hearing set to determine the amount of restitution presently owed by the Defendant." (Def.'s Mot. Determine Amount Restitution ("Mot.") 1, ECF No. 131.) In essence, Defendant contends that the "Investment Table" set forth in paragraph 8 of the Presentence Report ("PSR"), which "provided the factual basis for the court's determination of . . . restitution[,]" incorrectly states the amounts invested by the victims and incorrectly reports the amounts paid to the victims in a civil lawsuit, which were used to offset the restitution award. (Id. at 2.) Defendant argues:

> [On November 5, 2004, t]his court sentenced Mr. Hammer to 36 months incarceration, followed by two years of supervised release and restitution in the amount of $35,000.00.
>
> On May 17, 2002, in a civil case concerning the same set of circumstances upon which the Defendant was convicted, a

> settlement agreement was concluded. A payment . . . to James and Carol Holloway, victims of the fraud, . . . [and a] payment for . . . to Patrick Folliott, an additional victim of the fraud, w[ere] simultaneously paid . . . . The[se] payments represented the entirety of the[ victims'] "investments" with the defendant and are described within the PSR, "Investment Table", shown therein.
>
> The PSR "Investment Table" shows the Holloways . . . "investment" as $75,000.00 and Folliott as $40,000.00, respectively. Both entries are . . . incorrect . . . .
>
> Additionally, it has come to the attention of the defendant, that the amounts paid over in the civil lawsuit brought by the victims in this case, are incorrectly reported in the PSR. It is clear, the PSR "Investment" table provided the factual basis for the court's determination of the restitution balance. That being said, the settlement amounts paid over to the victims and the corresponding restitution judgment are the gravamen of the motion.
>
> The defendant is currently required to pay restitution in an approximate amount of $37,380.40 to victims James and Carol Holloway and Patrick Folliott. However, the amount owed by the defendant, Brian Hammer to the victims may be reduced at the District Court's discretion under 18 U.S.C. Section 3664(j)(2) . . . .

(Id. at 1-2 (citation and heading omitted).)

**PROCEDURAL HISTORY**

The following procedural history concerns this motion. Defendant was found guilty by jury verdict on Counts 1 through 17 of the Indictment on March 31, 2003. (ECF No. 53.) The Presentence Report ("PSR") is dated July 25, 2003, and includes information concerning restitution at paragraphs 8-9. Paragraph 8 includes a table reflecting the amounts invested by certain victims and the amounts those victims received in a civil settlement. Probation's recommendation that Defendant be ordered

to "pay restitution in the amount of $35,000" is on page 16 of the PSR. Defendant filed formal objections to the PSR on August 15, 2003; however, Defendant did not object to the information contained in paragraphs 8 or 9 of the PSR or Probation's recommendation regarding the amount of restitution. (Def.'s Formal Objs. & Sentencing Mem.[1]) Defendant was sentenced on August 22, 2003. Defendant did not object to the referenced PSR paragraphs or Probation's recommendation concerning the amount of restitution at the sentencing hearing. (Tr. J. & Sentencing.[2])

Defendant appealed his conviction and sentence. (See ECF No. 76.) On appeal, the Ninth Circuit granted the parties' joint motion for remand and resentencing. (Mandate, Sept. 27, 2004.[3]) The Ninth Circuit's Mandate states: "The Joint Motion for Remand and Re-Sentencing is hereby GRANTED. The cause is remanded to the district court for sentencing pursuant to the joint agreement and stipulations, and the case is withdrawn from submission." (Id.)

Defendant was resentenced pursuant to the Ninth Circuit's Mandate on November 5, 2004.

**DISCUSSION**

18 U.S.C. § 3664(j)(2) prescribes: "Any amount paid to a victim under an order of restitution shall be reduced by any amount **later** recovered as compensatory damages for the same loss

---

[1] A copy of Defendant's "Formal Objections and Sentencing Memorandum" is attached hereto.

[2] A copy of the transcript of the August 22, 2003 motion hearing, judgment, and sentencing is attached hereto.

[3] A copy of the Ninth Circuit's September 27, 2004 Mandate is attached hereto.

by the victim in . . . any State civil proceeding, to the extent provided by the law of the State." (emphasis added). "Section 3664(j)(2) 'applies only to compensatory damages recovered by a victim in a civil proceeding **after** a court enters a restitution order.'" United States v. Banks, 62 F. Supp. 3d 125, 131 (D.D.C. 2014) (quoting United States v. Joseph, 743 F.3d 1350, 1355 (11th Cir. 2014)).

Defendant has not shown that § 3664(j)(2) may be used to reduce the amount of restitution ordered in this case since the referenced civil settlements predated the restitution award and were specifically referenced in the PSR. "The issue of offsetting **pre-sentencing** compensation to a victim . . . is to be addressed at the time of sentencing . . . ." Id. at 133 (emphasis added). However, Defendant did not object to the amounts stated in the PSR's "Investment Table" nor Probation's recommendation concerning the amount of restitution at any time prior to his re-sentencing. Therefore, Defendant's motion is DENIED.

Further, in light of this ruling, the Court need not decide Defendant's "Application to Proceed . . . Without Prepaying Fees or Costs," (ECF No. 132).

Dated: September 11, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4