UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>BRIAN HAMMER,<br><br>            Defendant. | No. 2:02-cr-00353-GEB<br><br>**ORDER DENYING DEFENDANT'S WRIT FOR CORAM NOBIS** |

On September 17, 2015, Defendant filed, in pro per, a petition "for a writ of *coram nobis* to correct and/or vacate [Defendant's] order of restitution." (Pet. Writ Coram Nobis ("Pet.") 1, ECF No. 134.) Defendant argues, in essence, that the restitution table contained in the Presentence Report ("PSR") and used by the Court in ordering restitution misstated the victims' losses. (See id. at 3.)

"[T]he writ of error *coram nobis* is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." United States v. Chan, 792 F.3d 1151, 1153 (9th Cir. 2015) (internal quotation marks omitted) (quoting United States v. Riedl, 496 F.3d 1003, 1005 (9th Cir. 2007)).

> [T]o . . . qualif[y] for *coram nobis* relief, the [defendant] must show the following four factors:

1

>   (1) a more usual remedy is not available;
>
>   (2) valid reasons exist for not attacking the conviction earlier;
>
>   (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and
>
>   (4) the error is of the most fundamental character.

(Id.) "In this context, an error is 'of a fundamental character' if it renders the entire proceeding 'irregular and invalid.'" United States v. Andrade, 514 F. App'x 688, 690 (9th Cir. 2013) (quoting United States v. Addonizio, 442 U.S. 178, 186 (1979)). "Because these requirements are conjunctive, [the] failure to meet any one of them is fatal." Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002).

   Here, Defendant has not shown that the alleged miscalculation of restitution is an "error of the most fundamental character." See, e.g., United States v. Sloan, 505 F.3d 685, 697 (7th Cir. 2007) (stating that the alleged error concerning the restitution ordered "is not of the 'most fundamental character'").

   Further, Defendant has not shown valid reasons for failing to challenge the restitution order earlier. Defendant did not object to the restitution table contained in the PSR or Probation's recommendation concerning the amount of restitution at any time prior to his sentencing or resentencing.[1] Defendant

---

[1] The September 11, 2015 Order Denying Motion to Determine Amount of Restitution, (ECF No. 133), contains a detailed procedural history concerning the award of restitution in this case, which is, therefore, not repeated herein.

2

states in his motion that his counsel "failed to adequately review the PSR, which clearly reflected the incorrect . . . amounts[] that were included within the restitution recommendations provided by the probation department to the court." (Pet. 5.) However, Defendant confirmed during his original sentencing hearing that he personally "received and read a copy of the pre-sentence report and discussed it with [his counsel] in detail." (Tr. J. & Sentencing 11:23-26, ECF No. 133-2.)

For the stated reasons, Defendant's petition for writ of *coram nobis* is DENIED.

Dated: October 5, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3